108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Warren ROBINSON, Plaintiff-Appellant,
v.
Howard PETERS III, et al., Defendants-Appellees.
 No. 96-1427.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 6, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Warren Robinson's suit under 42 U.S.C. § 1983 seeks damages for an asserted failure to protect him from predatory gangs in the prison. It is far from clear whether anyone has actually attacked or injured Robinson, let alone whether damages would be available given the standards of Farmer v. Brennan, 511 U.S. 825 (1994). But the district court has never ruled on the merits. For two years this action was stayed pending the disposition of a class action that did not offer inmates any prospect of damages. After the stay was lifted, motions for the appointment of counsel denied, and some ancillary matters wrapped up, the district court directed Robinson to show cause by November 21, 1995, why his complaint should not be dismissed. Robinson filed a timely response; it bears the district court's file stamp of November 21, 1995. But on December 5, 1995, the district court dismissed the complaint, stating that Robinson's failure to respond to the order to show cause required dismissal.
 
 
 2
 The order recited that the dismissal was "pursuant to Fed.R.Civ.P. 12(b)(6), 16(f), 37(b), and 41(b)." Rule 41(b) deals with failure to prosecute (or to comply with an order of the court), but the other references are mysterious. No discovery requests were outstanding, and the district court had not entered an order under Fed.R.Civ.P. 37(b); Robinson had not neglected an obligation imposed by a scheduling order, so Rule 16(f) was irrelevant; and the order could not have been for failure to state a claim on which relief may be granted (Rule 12(b)(6)), because the district court did not give the reasons essential for any disposition on the merits. Circuit Rule 50. The order must be understood as based on Rule 41(b) alone.
 
 
 3
 The proper response to this default judgment was a motion under Fed.R.Civ.P. 60(b), see Fed.R.Civ.P. 55(c), and Robinson filed such a motion (albeit miscaptioned) on January 31, 1996. Robinson pointed out the district court's error in believing that he had not filed a timely response to the order to show cause. The district court neither acknowledged nor rectified its error. Instead it refused to consider the motion, giving a single reason: untimeliness. We think this action an abuse of discretion and remand for further proceedings.
 
 
 4
 Rule 60(b) gives parties a "reasonable" time to act, and this sometimes may be less than the outer limit of one year specified for motions under Rule 60(b)(1), (2), and (3). If Robinson had indeed neglected earlier deadlines, then a judge would be entitled to evaluate the prospect of future compliance with the time limits in part by considering the dispatch with which the litigant filed the motion under Rule 60(b). But Robinson had not tarried in this case. For two years, while he sought to prosecute the suit, the district court refused to hear it; then, when the court entered an order requiring a response by November 21, Robinson complied--only to have the case dismissed because of the court's error. In circumstances of this kind, it is inappropriate to hold the plaintiff to a strict standard. A judge should strive to correct the consequences of what appears to have been a lapse in communications from the clerk's office to the judge's chambers. Robinson's response to the order to show cause was timely; his Rule 60(b) motion was filed within a year; that is sufficient.
 
 
 5
 Nothing we have said here implies that Robinson's response to the order to show cause was substantively sufficient. Whether the litigation should continue and, if so, how far, is something the district court should address and resolve on the merits.
 
 
 6
 The judgment is vacated, and the case is remanded for further proceedings consistent with this order.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)